UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PALM BEACH DIVISION

Case No:

ELAINA P. BRADFORD,

    Plaintiff,

vs.

WALGREEN CO.
d/b/a WALGREENS,

    Defendant.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, ELAINA P. BRADFORD, sues Defendant, WALGREEN CO. d/b/a WALGREENS, and states:

**INTRODUCTION & JURISDICTIONAL ALLEGATIONS**

1. This action arises under the American With Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101 *et seq.*, Florida the Florida Civil Rights Act ("FCRA"), § 760.01 *et seq.*,.

2. ELAINA P. BRADFORD (hereinafter "Luna" or "employee") is a resident of South Florida and former "employee" of Defendant, within the meaning of the above-referenced statutes.

3. Plaintiff is a qualified individual with a disability/handicap (as those terms are defined in/construed under the above referenced applicable statutes) and able to perform the essential functions of her job with or without reasonable accommodation.

1

4. More particularly, Plaintiff suffers from Polio, and as a result, *inter alia*, she needs to periodically sit (i.e., her impairments prevent her from normally standing for a full work day or substantially restrict her standing at work to only brief periods of time.)

5. Furthermore, the Defendant perceived/regarded Plaintiff as having a disability/handicap and/or the Plaintiff also has a record of being disabled/handicapped.

6. Defendant WALGREEN CO. d/b/a WALGREENS (hereinafter "Employer" or "Company") is a foreign for-profit corporation doing business in the State of Florida and is Plaintiff's former "employer," within the meaning of the above-referenced statutes, who has more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year.

## SPECIFICS OF THE CLAIMS

7. Plaintiff began her employment with Defendant on or about November 2010 as a Beauty Advisor; her last position with the company, before she was actually/constructively discharged on or about March 2013, was that of a front-end cashier.

8. At the time Plaintiff was hired and began working as a front-end cashier, Defendant was fully aware of Plaintiff's physical limitations and through its manager, John Platt authorized Plaintiff's use of a stool (i.e. so as to permit her to sit while working, if necessary).

9. As a result of her disability and with the company's full knowledge, for several years prior to her termination the Plaintiff was utilizing a chair during her work

without incident.

10. On or about late November 2012, Ms. Theresa Collins became Plaintiff's direct supervisor and the store's general manager.

11. Plaintiff continued to work under Ms. Collins without incident up until December 10, 2012 when Plaintiff was injured at work resulting in torn ligaments to her left leg.

12. Upon sufficiently recovering from her injury and after being medically released back to work by the worker's compensation doctor with a sit/stand limitation, Plaintiff contacted her store manager, Ms. Collins and requested that she be permitted to return to work and also advised her of the need for the same stool accommodation as she had prior to being injured.

13. To Plaintiff's dismay, Ms. Collins was disinsterested in Plaintiff's limitations and instead advised her that the cashier position was a standing only position and despite the company being aware of Plaintiff's condition and need for her to use a stool at work, there was no room to deviate from company policy.

14. Thereafter, Plaintiff again on several occasions spoke with her manager, Terry Collins to only again be told that Plaintiff would not be provided with a stool accommodation irrespective of her limitations.

15. Thereafter, after her efforts to reason with her manager failed, Plaintiff contacted Ms. Collin's supervisor/district manager (Mr. Jones – First name unknown to Plaintiff) to whom Plaintiff complained of about Ms. Collins' refusal to permit her to return to work if a stool accommodation was required.

16. Mr. Jones who was fully aware of Plaintiff's disability (i.e. Polio and the associated

physical limitations), duly advised Plaintiff that she was mistaken about her belief that Ms. Collins was refusing to accommodate her and that he was confident that Ms. Collins would properly address the matter including Plaintiff's request for a stool accommodation.

17. Thereafter, Plaintiff on or about May 16, 2013 by happenstance learned that she had been terminated by Defendant on March 28, 2013.

18. Plaintiff immediately contacted her manager, Ms. Collins requesting permission to return back to work and she again was advised by Ms. Collins that she could not return back to work if she required the use of a stool.

19. During the May 16, 2013 conversation with Ms. Collins, Ms. Collins neglected to advise Plaintiff that Plaintiff had been officially terminated by Defendant as of March 28, 2013 and disclaimed knowledge of same.

20. Thereafter, Plaintiff contacted Defendant's Human Resources Department, complained about Ms. Collins' conduct in refusing to accommodate her by providing her a stool and further protested her manager's refusal to permit her to return to work especially given that she had previously worked under the previous manager who in fact permitted her to use a stool and demanded that her termination be rescinded.

21. Despite assurances from Defendant's Human Resources Department that they would look into the matter and rectify the situation, Plaintiff's repeated requests for reasonable accommodation were repeatedly ignored and Defendant never reinstated Plaintiff to her cashier position.

22. On or about September 13, 2013 Plaintiff timely dually submitted a charge of

        disability discrimination to the Equal Employment Opportunity Commission (EEOC) and Florida Commission on Human Relations (FCHR). (Please see Exhibit "A" attached hereto).

23. On or about July 8, 2014, the U.S. E.E.O.C. ultimately issued its Notice of Right to Sue letter to the Plaintiff (Please see Exhibit "B" attached hereto), and more than 180 days have passed since the filing of the charge with the FCHR without a conciliation or determination.

24. Plaintiff has thus met all conditions precedent to the bringing of this action, including exhaustion of administrative remedies.

25. As a direct and proximate result of the deliberate and intentional wrongful and unlawful conduct on the part of the Defendant, Plaintiff has suffered economic as well as non-economic damages, including, but not limited to, loss of income and benefits, significant amount of physical pain/suffering, embarrassment, humiliation, upset, mental anguish, loss of self esteem, dejection, and/or emotional pain.

26. As a direct result of Defendant's conduct, Plaintiff will continue to suffer economic as well non-economic damages in the future.

27. Defendant through its supervisor/management engaged in unlawful conduct against Plaintiff willfully, maliciously, intentionally and/or in reckless disregard or indifference to Plaintiff's rights under the law.

28. Plaintiff has retained the service of the undersigned and she is entitled under ADA and FCRA to an award of attorney's fees for prosecution of this action.

## COUNT I

### VIOLATIONS OF ADA & FCRA
### FAILURE TO ACCOMMODATE/DISCRIMINATION

29. Plaintiff realleges and reavers herein Paragraphs 1-28.

WHEREFORE, Plaintiff demands judgment as follows:

A. Judgment for both compensatory and punitive damages.

B. An award of costs and attorney's fees pursuant to Fla. Stat. §760.11 and 42 U.S.C.A. §12205.

C. Such other relief as the court deems just, proper, and equitable relief, including back and front pay, as well as appropriate injunctive relief.

Loren Law Group
100 South Pine Island Rd - Suite 132
Plantation, Florida 33324
Phone: (678)224-5702
Facsimile:      (954)585-4886
E-Mail:      JLoren@Lorenlaw.com

*/s/ James Loren*

_____
James M Loren, Esquire
Counsel for Plaintiff
Fla. Bar No.: 55409

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 846-2013-41016 |

**Florida Commission On Human Relations** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Elaina Bradford | (561) 429-6887 | 12-02-1957 |

Street Address: 1301 12th Fairway, Wellington, FL 33414

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Walgreens | 500 or more | (847) 914-2500 |

Street Address: 10110 Lyons Road, Boynton Beach, FL 33473

DISCRIMINATION BASED ON (Check appropriate box(es).):
☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-01-2013   Latest: 05-16-2013
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a qualified individual with a disability. I was hired by the employer on November 1, 2010, as a Beauty Advisor. On or about January 2012, I was placed in a new position (Front-End Cashier) due to my disability. I was also allowed to use a stool, as needed, as an accommodation for my disability. On or about November 2012, Ms. Terry Collins became the new store manager. On December 10, 2012, I had an accident at work and was out of work on workers comp for approx. one month. My doctor released me to return to work with restrictions: light duties, and to continue to use the stool. On or about January 2013, I notified my employer; however, Ms. Collins informed me that she would not allow me to return to work with the requirement of the stool since the Cashier position was not a "sit-down" position. I continued to visit the doctor and to ask Ms. Collins when I could return to work; however, she continued to tell me that with those restrictions, I could not work there. On or about April 2013, I found out that I was terminated from my employment back in March 2013. On May 16, 2013, after visiting my doctor, I contacted Ms. Collins for the last time, and again was told that she could not accommodate my restrictions.

I have been given no valid reasons for the company's actions taken against me.

I believe I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act Amendments Acts of 2008.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

9/13/2013   *Elaina P Bradford*
Date / Charging Party Signature

NOTARY — When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

Exhibit "A"

EEOC Form 161-A (11/09)　　**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

| To: | Elaina Bradford<br>1301 12th Fairway<br>Wellington, FL 33414 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL. (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2013-41016 | Mercedes Ricardo, Supervisory Investigator | (305) 808-1747 |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

| Enclosures(s) | /ˢ/ **Malcolm S. Medley,**<br>**District Director** | (Date Mailed) |
|---|---|---|
| cc:　WALGREEN CO.<br>　　c/o Michael Hernandez<br>　　104 Wilmot Road<br>　　MS #1416<br>　　Deerfield, IL 60015 | James M. Loren, Esquire<br>Loren Law Group<br>100 S. Pine Island Road, Suite 132<br>Plantation, FL 33324 | |

Exhibit "B"